**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

V.                                                                    **NO. 4:24-CV-66-DMB-JMV**

**BLANTON ENTERPRISES, LLC;
ETOIL BLANTON; PEGGY JOANN
BLANTON; and STEFANIE MICHELLE
BENSON**                                                              **DEFENDANTS**

## ORDER

On July 18, 2024, the United States of America filed a complaint against Blanton Enterprises, LLC, Etoil Blanton, Peggy Joann Blanton, and Stefanie Michelle Benson in the United States District Court for the Northern District of Mississippi seeking "to jointly and severally recover treble damages and civil penalties … under the False Claims Act ('FCA'), … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Defendants' receipt of Paycheck Protection Program [('PPP')] funds to which they were not entitled." Doc. #1 at PageID 1. The complaint alleges that based on misrepresentations by the defendants, the defendants received PPP loan proceeds of $117,840.00, for which the Small Business Administration ("SBA") paid $2,500.00 in processing fees to the financial institution involved, and that also based on the defendants' false statements, the financial institution involved was reimbursed by the SBA. *Id*. at PageID 6, 7.

On October 7, 2024, a "Joint Motion for Entry of Consent Judgment" was filed in which the government and the defendants represent that they "have agreed to resolve [this] litigation" and "to the entry of a $121,412.76 joint and several consent judgment on the terms provided [in

the proposed consent judgment]."[1]  Doc. #7.  Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and on behalf of the defendants.  *Id.*

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires the defendants to pay $121,412.76 plus interest and a $405.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record.  The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence.  Finally, the proposed consent judgment is consistent with the nature of this litigation.  Accordingly, the "Joint Motion for Entry of Consent Judgment" [7] is **GRANTED**.  The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 17th day of October, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] No certificate of service is attached to the joint motion.  *See* Doc. #7.  However, after counsel who signed the joint motion on the defendants' behalf entered an appearance on their behalf, the government filed a separate certificate of service.  Docs. #9, #10.

2